## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRELL HART,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LAWRENCE MAHALLY, et al.,** | : | **NO.  19-cv-096** |
| *Respondents*. | : | |

### MEMORANDUM

**KENNEY, J.**                                                    **April 14, 2022**

### I.      INTRODUCTION

Tyrell Hart petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hart alleges multiple instances of ineffective assistance of counsel, that he was denied his constitutional right to his choice of counsel, and requests discovery and an evidentiary hearing. The Honorable Magistrate Judge Marilyn Heffley recommends that we deny the petition. We adopt Judge Heffley's reasoned Report and Recommendation. We also deny a certificate of appealability.

### II.     BACKGROUND

The Report and Recommendation summarizes the factual and procedural background of this case in detail. *See* ECF No. 32 at 1-4. Hart was convicted by jury of first-degree murder, third-degree murder of an unborn child, carrying a firearm without a license, and possessing instruments of crime. *Com. v. Hart*, No. 1231-EDA-2012, 2014 WL 10965823 at *1 (Pa. Super. Ct. Mar. 21, 2014). Hart received a sentence of life imprisonment without parole and a concurrent term of 20 to 40 years' imprisonment. *Id.*

On April 13, 2012, Hart filed a notice of appeal, arguing that his constitutional rights were violated when he was denied a continuance on the day of trial in order to replace his attorney. *Com. v. Hart*, 2014 WL 10965823 at *2. On January 8, 2014, Hart filed a motion to remand for an evidentiary hearing, arguing that detectives had coerced his confession. *Id.* at *4 n.5. On March 21, 2014, the Superior Court denied the appeal and the motion. *Id.* at *4. On July 3, 2014, Hart filed a timely petition for review pursuant to the Pennsylvania Post Conviction Relief Act. *Com. v. Hart*, No. 3779 EDA 2016, 2017 WL 5983867 at *2 (Pa. Super. Ct. Dec. 1, 2017). Counsel was appointed but then filed a "no merit" letter and moved to withdraw from the representation. *Id.* The PCRA court granted the motion and denied Hart's PCRA petition. *Id.* Hart appealed, and the Superior Court affirmed the dismissal. *Id.* at 10.

On January 2, 2019, Hart filed the petition for a writ of habeas corpus. ECF No. 2. Hart's petition raises the following claims: ineffective assistance of counsel for failing to properly argue an involuntary confession claim; violation of his right to counsel of his choice and ineffective assistance of counsel for failing to litigate this claim; ineffective assistance of counsel for failing to follow through on a request for a mistrial; ineffective assistance of counsel for failing to secure transcription of the voir dire, and ineffective assistance of counsel for failing to raise a speedy trial claim. *Id.* Hart also requests discovery and an evidentiary hearing. *Id.* at 111.

Magistrate Judge Marilyn Heffley issued a Report and Recommendation. ECF No. 32. In the Report and Recommendation, Judge Heffley found that all of Hart's claims were meritless. *Id*. Concluding that Hart failed to show that the state court decisions were contrary to or an unreasonable application of clearly established federal law, Judge Heffley recommended denial of the petition, denial of the request for discovery and a hearing, and denial of certificate of appealability. *Id.* at 27-28.

Hart timely objects to Magistrate Judge Heffley's Report and Recommendation. ECF No. 33. We make a *de novo* determination of the portions of the Report and Recommendation to which the objection is made. *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing 28 U.S.C. § 636(b)(1)).

## III.   STANDARD OF REVIEW

The federal courts' power to grant habeas relief is limited. A court cannot grant habeas relief unless the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To prevail under the "contrary to" clause, a petitioner must show that the state court applied a rule differently from the governing law set forth by the United States Supreme Court or decided a case differently than the United States Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). To prevail under the "unreasonable determination" clause, a petitioner must show that the state court correctly identified a governing legal principle but unreasonably applied it to the facts of a particular case. *Id.* This is a "difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted).

Additionally, a federal court cannot grant a petition for a writ of habeas corpus unless the petitioner has exhausted the remedies available in state court. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). To exhaust their remedies, a petitioner must have fairly presented the same claim to the state court and pursued that claim

through one complete round of the state's established appellate review process. *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citation omitted). If a petitioner failed to exhaust their state remedies and would now be procedurally barred from presenting their claims in state court, those claims are procedurally defaulted for purposes of federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A petitioner may overcome procedural default by demonstrating either (1) good cause for the default and actual prejudice as a result of the violation of federal law or (2) failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The Supreme Court has recognized a narrow exception for petitioners who cannot satisfy the requirements of exhaustion. In *Martinez*, the Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012). To excuse a default under *Martinez*, the court must determine whether PCRA counsel was ineffective under the standards of *Strickland* v. *Washington*, 466 U.S. 668 (1984), and determine that the underlying claim of ineffectiveness of trial counsel is "substantial" under the standard for granting a certificate of appealability. *Martinez*, 566 U.S. at 14 (citing *Miller-El v. Cockerell*, 537 U.S. 322 (2003)). However, the court may forego the *Martinez* analysis if the underlying claim has no merit. *See* 28 U.S.C. § 2254(b)(2) (writ may be denied "notwithstanding the failure of the applicant to exhaust" state court remedies); *see also Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010) (counsel not ineffective for failing to raise a meritless argument); *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998) (same).

For habeas petitions that claim ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that there was "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 686, 694. Courts "evaluate the conduct from counsel's perspective at the time," rather than with the benefit of hindsight, and "apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations omitted). A petitioner must show counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id*.

## IV.  DISCUSSION

Hart makes the following objections to the Report and Recommendation: that his involuntary confession claim is neither procedurally defaulted nor meritless, that Judge Heffley's denial of his Sixth Amendment claim was objectively unreasonable, that his mistrial claim is not defaulted and Judge Heffley's findings and conclusions were unreasonable, that Judge Heffley's findings and conclusions regarding his voir dire claim were unreasonable, and that any default of his speedy trial claim should be excused and Judge Heffley's findings on this claim should be rejected. *See* ECF No. 33 at 2-11. We conduct *de novo* review of the portions of the Report and Recommendation to which Hart objects.

We adopt the Report and Recommendation in its entirety and dismiss the Petition and the Objections.

### A.  Ineffective Assistance of Counsel Claim - Involuntary Confession

In his habeas petition, Hart argues that his counsel were constitutionally ineffective because they failed to properly or effectively argue his involuntary confession claim. This claim is comprised of two arguments: (1) his counsel were ineffective for failing to cite to legal authority in a motion for remand regarding newly discovered evidence of an involuntary

confession and (2) his counsel were ineffective for failing to call him as a witness at a suppression hearing. Judge Heffley determined that both arguments were meritless and procedurally defaulted. In his Objections, Hart repeats his arguments in substantially the same manner as in his petition.

We find that Hart's ineffective assistance of counsel claims related to his involuntary confession claims are defaulted and meritless. Hart argues that his counsel provided constitutionally deficient representation because counsel did not cite legal authority in Hart's motion for remand over the involuntary confession claim. However, the PCRA court and the Superior Court on appeal rejected this claim, finding that even with legal authority, the motion would have failed. *Com. v. Hart*, 2017 WL 5983867, at *7. Counsel cannot be faulted for failing to litigate, or failing to properly litigate, a meritless issue. *See Carnavale v. Superintendent Albion SCI*, 654 F. App'x 542, 548-49 (3d Cir. 2016) (counsel not ineffective where state court found the underlying after-discovered evidence claim to be meritless). To the extent that Hart challenges the state courts' determination that the motion for remand did not identify after-discovered evidence and would have failed regardless of citation to legal authority, that is a matter of state law not subject to federal habeas review. *Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004) (claims resting on state law are not cognizable for federal habeas review). Accordingly, we do not find that the state court's rejection of this ineffective assistance of counsel claim was contrary to or an unreasonable application of federal law.

Hart's claim that his counsel was ineffective for not calling him as a witness at the suppression hearing fares no better. In the Objections, Hart makes no additional argument other than restating the arguments in the Petition and fails to show that his counsel's decision was unreasonable. There are clear strategic reasons why counsel would decide not to call a criminal

6

defendant as a witness at a suppression hearing as the defendant could be cross-examined. This testimony could be helpful to a prosecutor in developing the underlying case and could be used for impeachment purposes at trial. *See United States v. Salvucci*, 448 U.S. 83, 88 n.8 (1980). Additionally, given the low standard that the prosecution must meet at a suppression hearing, it was not unreasonable for Hart's counsel to determine that the risks did not outweigh the benefits. Hart has not shown that his counsel's decision was objectively unreasonable or that the decision caused substantial prejudice to his case. This claim is without merit.

To the extent that Hart makes an independent argument, irrespective of effective assistance of counsel, that habeas relief should be granted because his confession was involuntary, Judge Heffley found that this claim was procedurally defaulted and meritless. ECF No. 32 at 10-11. In his Objections, Hart clarifies that his involuntary confession claim "has always been ineffective assistance of counsel in failing to effectively litigate the claim." ECF No. 33 at 4. This Court finds that Hart does not make an involuntary confession claim separate from his ineffective assistance of counsel claim in the Petition and does not object to Judge Heffley's finding of procedural default regarding such a claim.

### B.  The Sixth Amendment Right to Retained Counsel of Choice Claims

Hart argues that his Sixth Amendment right to counsel of his choice was violated when the trial court rejected his request for a continuance on the day of trial to allow Hart to change his attorney. Hart also argues that his counsel were constitutionally ineffective for failing to litigate his Sixth Amendment claim. Judge Heffley found that both claims were meritless. ECF No. 32 at 14. In his Objections, Hart argues that Judge Heffley's findings are objectively unreasonable. ECF No. 33 at 5.

In our *de novo* review of the Report and Recommendation and Hart's objections, we reach the same conclusion as Judge Heffley. The right to choice of counsel is not absolute, *United States v. Voigt*, 89 F.3d 1050, 1074 (3d Cir. 1996) (citation omitted), and a defendant's right to counsel of choice may be moderated by the needs of the trial court, *Randolph v. Sec'y Pa. Dep't of Corr.*, 5 F.4th 362, 374 (3d Cir. 2021). Courts apply a balancing test to determine if the trial court acted fairly and reasonably, weighing the efficient administration of criminal justice, the accused's rights, and the rights of other defendants awaiting trial. *See United States v. Miller*, 731 F. App'x 151, 155 (3d Cir. 2018) (citing *United States v. Hodge*, 870 F.3d 184, 201 (3d Cir. 2017)). Here, we find that the trial court's decision to deny the continuance was not inappropriate or arbitrary. *See Smith v. Delbaso*, No. 19-CV-3066, 2020 WL 5261016, at *11 (E.D. Pa. Mar. 4, 2020) (collecting cases denying habeas relief where trial court denied continuance on the eve of trial). Accordingly, the state courts' rejections of Hart's Sixth Amendment claim were not contrary to or an unreasonable application of federal law. Regarding Hart's related ineffective assistance of counsel claim, Hart's counsel cannot be deemed ineffective for failing to raise a meritless claim.

In the Objections, Hart argues that the trial court was required to engage in an inquiry before it could deny the continuance request. ECF No. 33 at 6 (citing *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982). It is clear from the record that the trial court conducted an extensive inquiry. After Hart's counsel requested a continuance on the day that trial was set to begin, the trial court discussed the issue with Hart's counsel and with the attorney that Hart wanted to represent him, Mr. Peruto. Although Peruto ultimately declined to represent Hart, the court had Peruto come to the courthouse and speak with Hart. The next day, another attorney, Mr. Johnson, came to court and discussed the possibility of representing Hart. Again, the court

discussed the issue with Johnson, noting that the start of trial would not be delayed, and gave Johnson multiple opportunities to talk with Hart. Johnson also decided not to represent Hart. Based on these facts, the appellate court denied Hart's claim that his rights were violated by the denial of the continuance. *Com. v. Hart*, 2014 WL 10965823, at *4. The trial court engaged in an extensive inquiry on the day that trial was scheduled and allowed Hart multiple opportunities to discuss his case with three different sets of counsel. Not finding good cause for an extension, the request was denied. Hart's Sixth Amendment and related ineffective assistance of counsel claims are meritless. The state court decisions rejecting these claims were not contrary to or an unreasonable application of federal law.

### C.  Ineffective Assistance of Counsel Claim - Mistrial

Hart argues that his trial, appeal, and PCRA counsel were constitutionally ineffective for failing to "follow through" on a request for a mistrial and failing to argue that the trial court abused its discretion when it denied a mistrial. Judge Heffley found that these claims were meritless and procedurally defaulted. ECF No. 32 at 19-22. In the Objections, Hart repeats his merit arguments regarding these claims, argues that the Report and Recommendation are unreasonable, and argues that any procedural default should be excused under *Martinez*. ECF No. 33 at 7-8. We find that Hart's claims are meritless.

Regarding Hart's claim that his trial counsel were ineffective for failing to "follow through" on the request for a mistrial, the Superior Court on PCRA appeal rejected this claim because it found that his counsel did object to the prosecutor's conduct and specifically requested a mistrial. *Com v. Hart*, 2017 WL 5983867, at *9-10. In the Petition and Objections, Hart both concedes that his trial counsel requested a mistrial and argues that his trial counsel was ineffective for failing to "follow through" with that request. Hart does not develop this argument

further and fails to explain what else his trial counsel should have or could have done in their request for a mistrial. The fact that counsel did not obtain the desired outcome does not establish that counsel was constitutionally ineffective. We find that the state courts' rejection of this claim was not contrary to or an unreasonable application of federal law, and we find this claim lacks merit. To the extent Hart argues that his trial counsel was ineffective for failing to object to the trial court's cautionary instruction, this claim is procedurally defaulted, and we also find it meritless, as juries are presumed to follow the trial court's curative instructions. *Shannon v. United States*, 512 U.S. 573, 584-85 (1994) (citing *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Accordingly, we also find that Hart's claims that his appellate counsel were ineffective for failing to raise these same claims is similarly meritless.

Finally, Hart's claim of ineffective assistance of PCRA counsel is non-cognizable, as it is a state law claim that does not implicate federal constitutional concerns. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings…. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citations omitted); *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254).

### D.  Ineffective Assistance of Counsel Claim – Voir Dire Transcript

In the Petition, Hart argues that his appellate and PCRA counsel were ineffective for failing to obtain or review the transcript of the voir dire proceedings, which were recorded but not transcribed. Judge Heffley found that this claim was meritless. ECF No. 32 at 22. On PCRA appeal, the Superior Court rejected this claim because it found that Hart failed to demonstrate

10

how he was prejudiced by his appellate counsel's decision not to review a transcript of the voir dire proceedings. *Com. v. Hart*, 2017 WL 5983867, at \*10. Judge Heffley found that the Superior Court's decision was not contrary to or an unreasonable application of federal law and that Hart failed to show a reasonable likelihood of a different result if not for his appellate counsel's omission. In the Objections, Hart argues that his PCRA counsel provided ineffective assistance of counsel because they failed to obtain or review the transcript of the voir dire proceedings. ECF No. 33 at 9-10. Hart did not object to Judge Heffley's determination regarding his appellate counsel's representation. *Id.*

We deny Hart's objection. The claim is meritless and non-cognizable. Ineffective assistance of PCRA counsel is a state law claim that does not implicate federal constitutional concerns. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also* 28 U.S.C. § 2254(i).

### E.  Ineffective Assistance of Counsel Claim - Speedy Trial Claim

Hart argues that his trial, appellate, and PCRA counsel were ineffective because they did not raise a speedy trial claim. Judge Heffley found that Hart's claim that his counsel were ineffective for failing to raise constitutional speedy trial claims was procedurally defaulted. ECF No. 32 at 23-25; *see Com. v. Hart*, 2017 WL 5983867 at \*3-4. Additionally, Judge Heffley found that the claim was meritless and the default would not be excused under *Martinez*. *Id.* at 25-26.

In the Objections, Hart argues that any procedural default should be excused under *Martinez*, and that the Report and Recommendation should be rejected because 540 days of judicial delay were not properly excusable. ECF No. 33 at 10-11. Hart also argues that his petition presents a substantial claim of fraud and necessitates an evidentiary hearing. *Id.* at 11.

11

We find that the underlying constitutional and state speedy trial claims are meritless. Because we find the claims meritless, no procedural default is excused under *Martinez*. On PCRA appeal, the Superior Court evaluated whether the delay for trial was justified, finding that 188 days were excludable due to either Hart not having an attorney or Hart's attorney's subsequent continuance requests and that 540 days were excusable due to the court's difficulty in scheduling a capital case for trial. *Com v. Hart*, 2017 WL 5983867 at *5-6. The court concluded that the claim was meritless, and so Hart's counsel could not be deemed ineffective for raising a meritless claim. *Id.* Considering the length of the delay, the reasons for the delay, Hart's failure to assert his right to a speedy trial until after he was convicted, and Hart's failure to show substantial prejudice due to the delay, we reach the same conclusion. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Regarding the 540 days of excusable time due to the court's difficulty in scheduling a capital case for trial, Hart argues that the 540 days cannot be excused because the government eventually decided not to pursue the death penalty. This argument is meritless. In effect, Hart argues that after the trial was scheduled with the potential for a death penalty, the government could not then decide to drop the death penalty, because that would create a speedy trial violation. We disagree. Regardless of whether the government later decided not to seek the death penalty, the scheduling of the trial was reasonable and did not violate Hart's constitutional rights.

Hart also claims that respondents attempted to commit fraud on the state court when they incorrectly represented to the state court that Hart was on bail during the pre-trial proceedings. As Hart references in the Petition, a determination of fraud requires "clear, unequivocal and convincing evidence" of intentional fraud that in fact deceives the court. *See Herring v. U.S.*, 424

F.3d 384, 386-87 (3d Cir. 2005); *see also* ECF No. 2 at 79. This is a demanding standard, and Hart fails to satisfy it. This claim is meritless and denied.

### F.  Request for Discovery and Evidentiary Hearing

Judge Heffley recommends that we deny Hart's request for discovery and an evidentiary hearing. Hart objects. Because his claims are plainly meritless, we deny this request.

## V.      CONCLUSION

The Court declines to issue a certificate of appealability. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Hart has not shown that "reasonable jurists" would find this Court's assessment of the constitutional claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No certificate of appealability will issue.

Because we find that none of Hart's rights were violated and his claims lack merit, we DENY his petition and his objections in their entirety, and we ADOPT Judge Heffley's reasoned Report and Recommendation. An appropriate order follows.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**